UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

In re: §
§
Michael Snelten § Case No. 11-43134
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on       . The undersigned trustee was appointed on         .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/DEBORAH M. GUTFELD_____
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-43134 | ERW | Judge: | Eugene R. Wedoff | Trustee Name: | DEBORAH M. GUTFELD |
| --- | --- | --- | --- | --- | --- | --- |
| Case Name: | Michael Snelten | | | | Date Filed (f) or Converted (c): | 10/25/2011 (f) |
| | | | | | 341(a) Meeting Date: | 12/01/2011 |
| For Period Ending: | 06/12/2013 | | | | Claims Bar Date: | 05/07/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
| --- | --- | --- | --- | --- | --- |
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Condominium 235 W. Johnson Street, Unit 2B Pal | 114,600.00 | 14,600.00 | | 0.00 | FA |
| 2. Single Family Condominium 229 Johnson Street Unit 1-A Palati | 96,700.00 | 0.00 | | 0.00 | FA |
| 3. Single Family Condominium 201 W Johnson Street, Unit 2-A Pal | 96,700.00 | 0.00 | | 0.00 | FA |
| 4. In Debtor's Possession | 300.00 | 300.00 | | 0.00 | FA |
| 5. Bed, Dresser Location: 207 W. Glade, Palatine Il 60067 | 500.00 | 0.00 | | 0.00 | FA |
| 6. Casual Clothes, Dress Clothes, Shoes, Jackets Location: 207 | 1,500.00 | 0.00 | | 0.00 | FA |
| 7. Medical Malpractice Structured Settlement Payment Contract N | 354,000.00 | 0.00 | | 140,000.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)           $664,300.00       $14,900.00             $140,000.00       $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:


Initial Projected Date of Final Report (TFR):        Current Projected Date of Final Report (TFR):


**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 11-43134 | Trustee Name: DEBORAH M. GUTFELD |
| Case Name: Michael Snelten | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX6292 |
| | Checking |
| Taxpayer ID No: XX-XXX6026 | Blanket Bond (per case limit): $100,000.00 |
| For Period Ending: 06/12/2013 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/07/13 | 7 | J.G. Wentworth Originations, LLC CDA Account | Settlement of structured settlement payments | 1229-000 | $140,000.00 | | $140,000.00 |
| 02/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $161.10 | $139,838.90 |
| 03/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $187.78 | $139,651.12 |
| 04/05/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $207.62 | $139,443.50 |
| 05/07/13 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $200.61 | $139,242.89 |

| | | |
|---|---|---|
| COLUMN TOTALS | $140,000.00 | $757.11 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $140,000.00 | $757.11 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $140,000.00 | $757.11 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*        Page Subtotals:        $140,000.00        $757.11

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX6292 - Checking | $140,000.00 | $757.11 | $139,242.89 |
| | $140,000.00 | $757.11 | $139,242.89 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $140,000.00 |
| Total Gross Receipts: | $140,000.00 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-43134
Case Name: Michael Snelten
Trustee Name: DEBORAH M. GUTFELD

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DEBORAH M. GUTFELD | $ | $ | $ |
| Attorney for Trustee Fees: Perkins Coie LLP | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses  $_____

Remaining Balance  $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Citifinancial, Inc | $ | $ | $ |
| 2 | Julie Frase | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

      To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of     % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $    . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

      The amount of surplus returned to the debtor after payment of all claims and interest is $    .