**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| MICHAEL SNELTEN, | ) | **Case No. 11-43134** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |
| | ) | **Hearing Date: July 17, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant:                                                        Perkins Coie LLP

Authorized to Provide
Professional Services to:                                                      Trustee

Date of Retention:                                      May 15, 2012, retroactive to
                                                              February 9, 2012

Period for which compensation
and reimbursement is sought:                               February 9, 2012 to date

Amount of fees sought as actual,
reasonable, and necessary:                                             $4,774.50

Amount of expenses such as actual,
reasonable, and necessary whole                                           $92.06


This is a(n):    __monthly              __ interim         _X_ final  application

The aggregate amount of fees and expenses paid to the applicant to date for services rendered
and expenses incurred herein is: $0.00.


Date: June 14, 2013              By: */s/ Jordan Galassie*
                                         Jordan Galassie

81597-0002/LEGAL26899384.1

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| MICHAEL SNELTEN, | ) | **Case No. 11-43134** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |
| | ) | **Hearing Date: July 17, 2013** |
| | ) | **Hearing Time: 10:00 a.m.** |

**FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMPENSATION
FOR PERKINS COIE LLP, COUNSEL FOR DEBORAH M. GUTFELD, TRUSTEE FOR
THE CHAPTER SEVEN BANKRUPTCY ESTATE OF MICHAEL SNELTEN**

Deborah M. Gutfeld, Chapter 7 Trustee in the above-captioned bankruptcy case

("Trustee"), pursuant to Section 330 of the United States Bankruptcy Code, requests that this

Court enter an order authorizing payment by Trustee to Perkins Coie LLP ("PC"), counsel to the

Trustee, of compensation in the amount of $4,774.50 for 11.4 actual hours of legal services

rendered to Trustee, as well as reimbursement for certain necessary costs in the amount of

$92.06, from February 9, 2012 to the present.

In support of this Application, Trustee states as follows:

**COMMENCEMENT OF PROCEEDING**

1.     On October 25, 2011, Debtor filed a Chapter 7 petition to initiate the above-

captioned bankruptcy case and Deborah M. Gutfeld was appointed Trustee for this bankruptcy.

2.     The Meeting of Creditors was initially held on December 1, 2011 and

subsequently continued to February 9, 2012, when Trustee confirmed that Debtor was the

recipient of structured annuity payments that could be liquidated for the benefit of unsecured

creditors.

3.      On April 11, 2012, Trustee forwarded to Debtor's counsel a proposal for the Debtor to purchase the estate's interest in the structured annuity payments.

4.      On May 15, 2012, this Court entered an Order granting Trustee's application to employ PC as Trustee's counsel, retroactive to February 9, 2012.

5.      All professional services for which compensation is requested herein were performed by PC and on behalf of Trustee and not for or on behalf of any creditor or any other person.  Trustee separately accounts for her services as trustee herein and does not request interim compensation for those services at this time.

## NATURE OF LEGAL SERVICES PERFORMED BY PERKINS COIE LLP

6.      PC has served as counsel for the Trustee at all times in these proceedings since its appointment on May 12, 2012, retroactive to February 9, 2012.  PC has devoted its time to legal matters in this case, including the following:

### A.      EMPLOYMENT AND PROFESSIONAL PERSONS

7.      PC prepared a retention motion and obtained court approval to retain PC as Trustee's counsel.  In connection with the retention and request for payment, PC expended 1.2 hours, for which it requests compensation of $420.00.  An itemized breakdown of current services rendered to Trustee is attached hereto as **Exhibit A(1)**.  The general breakdown of services rendered in this category is as follows:

| NAME | HOURS |
| --- | --- |
| Jordan G. Galassie | 1.2 |

81597-0002/LEGAL26899384.1

### B.     ASSETS

8.     In connection with assets for this bankruptcy estate, PC obtained court approval to

sell the estate's interest in structured annuity payments.  In connection with the sale of estate's

interest in structured annuity payments, PC expended 10.2 hours, for which it requests

compensation of $4,354.50.  An itemized breakdown of current services rendered to Trustee is

attached hereto as **Exhibit A(2)**.  The general breakdown of services rendered in this category is

as follows:

| NAME | HOURS |
|---|---|
| Jordan G. Galassie | 5.1 |
| Deborah M. Gutfeld | 5.1 |

### C.     STATEMENT OF LEGAL SERVICES AND EXPENSES

9.     Since February 9, 2012, PC has devoted 11.4 hours to represent Trustee and has

provided this estate with actual and necessary legal services worth $4,774.50.

10.     In addition to fees requested above, PC requests reimbursement for certain

necessary costs in the amount of $92.06.  Attached as **Exhibit B** is a breakdown of those costs.

11.     Attached as **Exhibit C** is a biographical sketch (including billing rates) of the PC

personnel who performed services on this matter during the term of this Application.

12.     Attached as **Exhibit D** is Deborah M. Gutfeld's affidavit in support of the

Application.

WHEREFORE, Trustee requests the entry of an order: a) authorizing payment to PC in

the amount of $4,774.50 as compensation for actual, necessary, and valuable professional

services rendered in this bankruptcy case; b) authorizing the reimbursement of certain necessary

81597-0002/LEGAL26899384.1

expenses in the amount of $92.06; and c) granting such other and further relief as this Court may

be equitable and just.


By: _/s/ Jordan Galassie_____

DATED:  June 14, 2013                              Counsel for Deborah M. Gutfeld, Trustee


Jordan Galassie (ARDC #6301660)
**PERKINS COIE LLP**
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603
Tel.: (312) 324-8463
Fax: (312) 324-9463

**EXHIBIT A(1)**

81597-0002/LEGAL26899384.1

**PERKINS COIE LLP**
June 14, 2013
Invoice No. 4893306

Invoice No. 4893306

For professional services rendered with regard to:

Re:    Professional Retention

| | | |
|---|---|---|
| April 25, 2012 | J. Galassie | Review and revise PC retention application (.5); |
| April 26, 2012 | J. Galassie | Review and revise PC retention application and order (.2); |
| May 15, 2012 | J. Galassie | Attend hearing on Trustee's motion to employ counsel (.5); |

**TIMEKEEPER SUMMARY**

| TIMEKEEPER | HOURS | RATE | FEES |
|---|---|---|---|
| J. Galassie | 1.2 | $350.00 | $420.00 |
| | | | |
| TOTAL HOURS | 1.2 | | |
| | | | |
| TOTAL FEES | | | $420.00 |
| | | | |
| **TOTAL FEES** | | | **$420.00** |

81597-0002/LEGAL26899384.1

**EXHIBIT A(2)**

81597-0002/LEGAL26899384.1

**PERKINS COIE LLP**
June 14, 2013
Invoice No. 4893306

Invoice No. 4893306

For professional services rendered with regard to:

Re:     Assets

| | | |
|---|---|---|
| February 9, 2012 | J. Galassie | Correspondence with counsel to M. Snelten regarding sale of structured settlement payments (.2) |
| April 10, 2012 | J. Galassie | Correspondence with Debtor's counsel regarding sale of structured settlement payments (.1); |
| April 11, 2012 | J. Galassie | Correspondence with Debtor's counsel regarding sale of structured settlement payments (.1); |
| May 14, 2012 | J. Galassie | Review claims register and schedules (.3); correspondence with D. Gutfeld regarding same (.1); draft correspondence to debtor's counsel regarding potential sale of structured settlement (.4); |
| May 18, 2012 | J. Galassie | Telephone conference with JG Wentworth regarding status of potential sale of structured settlement (.2); |
| June 13, 2012 | J. Galassie | Conference regarding status of sale of structured settlement (.1); correspondence with JG Wentworth regarding same and request for updated proposal (.2); |
| September 4, 2012 | J. Galassie | Draft motion to approve settlement regarding Debtor's structured settlement payments (1.3); |
| September 10, 2012 | D. Gutfeld | Review and revise 9019 motion regarding structured settlement (.5); conference with J. Galassie regarding same (.2); |
| September 17, 2012 | J. Galassie | Revise motion to approve settlement and coordinate filing of same (.4); |
| September 28, 2012 | J. Galassie | Correspondence with JG Wentworth regarding status of approval of settlement (.2); |
| October 17, 2012 | J. Galassie | Review, prepare for and attend hearing on trustee's motion to approve settlement (.5); |
| October 17, 2012 | D. Gutfeld | Attend court hearing regarding 9019 motion (.5); conference with J. Galassie regarding same (.2); |
| November 5, 2012 | D. Gutfeld | Review documents related to 9019 hearing (.4); correspondence with J. Galassie regarding same (.1); |
| November 6, 2012 | D. Gutfeld | Attend hearing related to 9019 motion (.8); conference with C. Doyle regarding same (.2); conference with J. Galassie and C. Gibbs regarding same (.2); review documents related to installment purchase agreement (.5); |

81597-0002/LEGAL26899384.1

| | | |
|---|---|---|
| November 29, 2012 | J. Galassie | Correspondence with JG Wentworth regarding additional documentation needed for state court approval of sale of structured settlement payments (.2); |
| November 30, 2012 | J. Galassie | Correspondence with JG Wentworth regarding need to revise affidavit related to state court approval of sale (.2); |
| December 4, 2012 | J. Galassie | Correspondence with JG Wentworth regarding revisions to affidavit required for state court approval of sale of settlement payments (.2); review same (.2); |
| December 28, 2012 | J. Galassie | Correspondence with JG Wentworth regarding upcoming state court hearing regarding sale of structured settlement payments and additional documentation to be executed by trustee in connection with same (.2); |
| January 2, 2013 | D. Gutfeld | Attend lengthy state court probate hearing regarding sale of structured settlement (1.2); conference with J. Galassie regarding same (.1); prepare correspondence to L. West regarding same and tax implications of settlement (.2); |

## TIMEKEEPER SUMMARY

| TIMEKEEPER | HOURS | RATE | FEES |
|---|---|---|---|
| J. Galassie | 5.1 | $350.00 | $1,785.00 |
| D. Gutfeld | 5.1 | $503.82 | $2,569.50 |
| TOTAL HOURS | 10.2 | | |
| TOTAL FEES | | | $4,354.50 |
| **TOTAL FEES** | | | **$4,354.50** |

81597-0002/LEGAL26899384.1

# EXHIBIT B

**PERKINS COIE LLP**
June 14, 2013
Invoice No. 4893306

### EXPENSE SUMMARY

Invoice No. 4893306

For professional services rendered with regard to:

Re:   <u>General - Costs Only</u>

### DISBURSEMENTS

| September 18, 2012 | Photocopies and printing | $91.90 |
| October 29, 2012 | Long distance telephone charges | $0.16 |

### DISBURSEMENTS SUMMARY

| Photocopies and printing | $91.90 |
| Long distance telephone charges | <u>$0.16</u> |
| **TOTAL DISBURSEMENTS** | $92.06 |

81597-0002/LEGAL26899384.1

**EXHIBIT C**

## BIOGRAPHICAL INFORMATION

**Deborah M. Gutfeld** is senior counsel with the law firm of Perkins Coie LLP.  She concentrates her practice in the area of bankruptcy and workouts.  Ms. Gutfeld received her bachelor's degree from Indiana University in 1997 and her Juris Doctorate from Northwestern University Law School in 2000.  Ms. Gutfeld's 2012 hourly billing rate was $495.00.  Ms. Gutfeld's 2013 hourly billing rate is $525.00.

**Jordan G. Galassie** is an associate with the law firm of Perkins Coie LLP.  She concentrates her practice in the area of business with a focus on financial restructuring and bankruptcy, as well as commercial real estate foreclosures and workouts.  Ms. Galassie received her bachelor's degree from Marquette University in 2002 and her Juris Doctorate from the John Marshall Law School in 2010.  Ms. Galassie's 2012 hourly billing rate was $350.00.  Ms. Galassie's 2013 hourly billing rate is $395.00.

**EXHIBIT D**

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **Chapter 7** |
| | ) | |
| MICHAEL SNELTEN, | ) | **Case No. 11-43134** |
| | ) | |
| Debtor. | ) | **Honorable Eugene R. Wedoff** |

**STATE OF ILLINOIS**     )
                        ) **SS**
**COUNTY OF COOK**       )

I, Deborah M. Gutfeld, on oath, state as follows:

1.      I have been senior counsel with the law firm of Perkins Coie LLP ("PC") from December 2011 through the present, including at all times relevant to this Application, and I am the Trustee for the above-referenced Debtor.

2.      This affidavit is submitted in support of the First and Final Application for Allowance of Compensation for PC (the "Application").

3.      In the ordinary course of PC's business, the attorneys and paralegals rendering services for a client prepare timesheets at or about the time the services are rendered, which timesheets list the client, matter number, a description of the services rendered and the time spent on such services.

4.      In the ordinary course of PC's business, the information on the timesheets is entered into PC's computer system.

5.      In the ordinary course of PC's business, a pro forma is generated at the end of each month for each client, which is forwarded to the billing partner for his or her review.

6.      In the ordinary course of PC's business, the billing partner reviews the pro forma.

7.      In the ordinary course of PC's business, a bill is prepared by computer and sent to the client.

81597-0002/LEGAL26899384.1

8.     I have segregated the amount of time expended as Trustee from the amount of time I have expended acting as an attorney in this case.

9.     I personally reviewed the pro formas for this estate each month and am familiar with PC's efforts in connection with the instant bankruptcy proceeding.

10.     I have reviewed Exhibits A and B to the Application, and they are based upon documents as aforesaid, which are made in the ordinary course of PC's business, and it is part of the ordinary course of PC's business to prepare such documents.

11.     To the best of my knowledge, the information set forth on Exhibits A, B and C and their subparts is true and correct.

*/s/ Deborah M. Gutfeld*
Deborah M. Gutfeld

I DECLARE UNDER PENALTY OF PERJURY
THAT THE FOREGOING IS TRUE AND CORRECT